UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA NELSON,

          Plaintiff,          Civil Action No. 15-13101
                                            Honorable Terrence G. Berg
v.                                        Magistrate Judge David R. Grand

JONG CHOI,

          Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17]

Before the Court is a Motion for Summary Judgment filed on March 17, 2016, by Defendant Jong Choi, D.D.S. ("Choi"). (Doc. #17). *Pro se* Plaintiff Patricia Nelson ("Nelson"), an incarcerated person, filed a response to this motion on April 12, 2016 (Doc. #19), and Choi filed a reply on April 28, 2016 (Doc. #20). An Order of Reference was entered on January 22, 2016, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #15).

Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. L.R. 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record, and it declines to order a hearing at this time.

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Choi's Motion for Summary Judgment [**17**] be **DENIED**.

## II.     REPORT

### A.     Background

Nelson is a State of Michigan prisoner who is confined at the Women's Huron Valley Correctional Facility ("WHV") in Ypsilanti, Michigan. (Doc. #1 at 1). Nelson brings this civil rights action pursuant to 42 U.S.C. §1983 against Choi, the Regional Dental Director for the Michigan Department of Corrections' ("MDOC") Southern Region. (*Id.*; Doc. #17 at 6). In her complaint, Nelson alleges that she suffers from temporomandibular joint disorder ("TMJ"); that she was sent to "see a specialist" in October and December of 2014[1]; and that, subsequently, in April of 2015, she was told that she would not be provided further treatment for this condition unless she paid for it herself. (Doc. #1 at 3). Nelson appears to allege that Choi's initial refusal to provide her with specialty treatment, and his subsequent refusal to continue to treat her TMJ, constitute cruel and unusual punishment in violation of the Eighth Amendment. (*Id.*).

In his motion for summary judgment, Choi asserts that, as a Regional Dental Director with the MDOC, he is responsible for the management of all dental services and dental employees in the Southern Region, which includes WHV. (Doc. #17 at 6). According to Choi, he does not directly provide medical care to any MDOC inmates, and he did not directly provide dental care to Nelson. (*Id.*).

### B.     Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga*

---

[1] As discussed below, Nelson asserts in her response brief that, in 2012, she was twice denied specialty treatment for TMJ, before she was ultimately approved for such treatment in 2014. (Doc. #19 at 11).

*County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011).  A fact is material if it might affect the outcome of the case under governing law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party.  *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'"  *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).  In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (internal quotations omitted).

### C. Analysis

In his motion, Choi argues that Nelson's §1983 claim fails because she has not made a clear showing that he was personally involved in the activity that forms the basis of her complaint.  (Doc. #17 at 7-11).  In addition, Choi argues that summary judgment is appropriate on the merits of Nelson's Eighth Amendment claim.  (*Id.* at 11-15).

#### 1. *The Requisite Level of Personal Involvement*

In order to demonstrate liability under §1983, a plaintiff must first establish that each

named defendant acted under color of state law and that his actions violated rights secured by the Constitution and/or laws of the United States. *See Baker v. McCollan*, 443 U.S. 137 (1989). The plaintiff also must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Moreover, §1983 liability cannot be premised upon mere allegations of *respondeat superior*, *i.e.*, supervisory liability; rather, a defendant can only be liable under §1983 if the plaintiff shows that he personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bellamy*, 729 F.2d at 421. A supervisory official's awareness of a complaint of allegedly illegal conduct, and his subsequent failure to take corrective action, is insufficient to trigger §1983 liability. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). Rather, liability under §1983 must be based upon active unconstitutional behavior, not a "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 2011).

As set forth above, Choi is the MDOC's Regional Dental Director for the Southern Region. (Doc. #17 at Ex. 1, ¶1). He works out of the MDOC Southern Regional Healthcare Administration Office in Jackson, Michigan, and, thus, is not located on-site at WHV. (*Id.*). Choi asserts that Nelson's complaint is "utterly devoid of allegations as to what Dr. Choi did, and nothing in the complaint suggests that Dr. Choi actively engaged in unconstitutional behavior." (*Id.* at 10). In his affidavit, Choi states that he does not "directly provide medical care to any MDOC prisoner." (*Id.* at Ex. 1, ¶4). And, more specifically, he asserts: "I did not directly provide dental care to the Plaintiff, Patricia Nelson, #228024, and I did not have any personal contact with her regarding her dental care." (*Id.* at Ex. 1, ¶5). For these reasons, Choi

argues that he is entitled to summary judgment because Nelson has failed to establish the requisite level of personal involvement required to impose §1983 liability.

It is true that the allegations in Nelson's complaint regarding Choi are not particularly detailed. In response to Choi's motion, however, Nelson alleges that Choi was "directly responsible for the denial of [her] medical treatment" because he is "the one who ultimately decides if an inmate gets more extensive care." (Doc. #19 at 9). Specifically, Nelson asserts:

> Due to the locking of Plaintiff's jaw, requests were made by the dental staff at Huron Valley Correctional Facility to the dental director in Lansing, Michigan asking that Plaintiff be seen by a dental specialist on three separate occasions, twice in 2012 and again in 2014. The first two requests, made in 2012, were denied, the third request, made in 2014, was approved, after the dental staff at the facility was unable to do other dental work because Plaintiff could not open her mouth far enough to have any work done.

(*Id.* at 11-12). In essence, then, Nelson appears to allege that Choi was deliberately indifferent when he made the decision to deny her specialty TMJ treatment in 2012, and when he subsequently decided to cease providing such treatment in 2015. In his reply brief, Choi does not dispute these specific allegations, but simply maintains that he "was not personally involved [in the] medical care that Nelson received at WHV." (Doc. #20 at 3). He further asserts that, at most, Nelson is alleging "a failure to act," which is insufficient to impose liability under §1983. (*Id.* at 3-4).

Taking Nelson's factual allegations as true, however, which the Court must do at the summary judgment stage, Nelson has alleged a sufficient level of personal involvement on the part of Choi. Again, Nelson alleges that Choi made the decisions to deny her requests for specialty TMJ treatment submitted by WHV dental staff in 2012, and then decided in 2015 to discontinue providing such treatment (after it had finally been approved). While Choi vaguely asserts that he did not "directly provide dental care" to Nelson or "have any personal contact

5

with her regarding her dental care" (Doc. #17 at Ex. 1, ¶5), this does not mean that he was not personally involved in the facts giving rise to Nelson's claim, *i.e.*, the decision to deny her certain medical care. Indeed, Choi does not dispute Nelson's allegations that he was responsible for the ultimate denial of TMJ specialty treatment. Nor does he offer any documentary (or other) evidence suggesting that someone else was responsible for these decisions. Courts have recognized that an individual medical provider need not provide direct patient care in order to have the requisite level of personal involvement necessary for §1983 liability. *See, e.g., Flick v. Vadlamudi*, 2010 WL 3884508, at *17 (W.D. Mich. Aug. 9, 2010) (denying physician's motion for summary judgment and finding sufficient personal involvement where physician's only involvement, in his capacity as Regional Medical Officer, was in denying request for non-formulary medication). Thus, summary judgment is not appropriate on this basis.

### 2. *The Merits of Nelson's Eighth Amendment Claim*

Choi also argues that Nelson's Eighth Amendment claim fails on the merits. (Doc. #17 at 12-15). The Eighth Amendment's Cruel and Unusual Punishment Clause prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain" upon inmates. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (internal citations omitted). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

The Sixth Circuit has explained the standards that a plaintiff must satisfy to state a claim for deliberate indifference to her serious medical needs:

> A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. To satisfy

> the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." Mere negligence will not suffice. Consequently, allegations of medical malpractice or negligent diagnosis and treatment generally fail to state an Eighth Amendment claim of cruel and unusual punishment.

*Broyles v. Correctional Medical Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) (internal citations omitted).

Choi first argues that Nelson fails to meet the objective prong of the deliberate indifference test because she "did not endure any conditions that posed a risk of 'objectively, sufficiently serious' harm." (Doc. #17 at 14 (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994))). In making this argument, Choi merely asserts, in conclusory fashion, that Nelson has failed to demonstrate how the MDOC's refusal "to pay for her to see a specialist for her medical condition … put her in objectively serious harm." (*Id.*). *Farmer*, however, was a "conditions of confinement case"; in cases where the plaintiff alleges deliberate indifference to a serious medical need, the test is not whether the defendant's action placed the plaintiff in "objectively serious harm," but whether the plaintiff has shown the existence of a "sufficiently serious medical need." *Broyles*, 478 F. App'x at 975. Choi does not argue that TMJ is not a serious medical need, and, indeed, other courts have held that this condition, which Nelson alleges causes "substantial pain and suffering" (Doc. #1 at 3), can satisfy the objective prong of the Eighth Amendment analysis. *See, e.g., Smith v. Conn. Dep't of Corr.*, 2008 WL 918535, at *30 (D. Conn. Mar. 31, 2008); *Doyle v. Clark*, 2009 WL 4640650, at * (S.D. Ga. Dec. 7, 2009) (assuming, without deciding, that plaintiff's TMJ was a sufficiently serious medical need where the defendant "offer[ed] no evidence, let alone medical evidence, to support her conclusory argument" that it was not). For these reasons, Choi has not shown that Nelson cannot meet the

7

objective prong of the deliberate indifference test.

Similarly, Choi cannot show that Nelson fails to satisfy the subjective prong of the test. Choi argues that summary judgment is appropriate because there is no evidence that he "had a state of mind even remotely close to the heightened deliberate indifferent [sic] standard." (Doc. #17 at 15). But Choi's entire argument on this issue is his conclusory assertion that he "did not act with deliberate indifference to Nelson's medical needs because he was not personally involved in her dental treatment and did not have personal contact with her." (*Id.* (citing Doc. #17 at Ex. 1, ¶5); *see also* Doc. #20 at 5-6). This argument misses the mark. As set forth above, Nelson alleges that Choi denied at least two requests made by WHV dental staff that she be sent to a specialist for treatment of TMJ, despite being aware of the pain she was in. (Doc. #19 at 12-13). Although Choi asserts in his motion that he "could not have been personally aware of Nelson's medical conditions," this statement is not contained in his affidavit (Doc. #17 at Ex. 1) and, thus, is not admissible evidence the Court may consider at this time. Moreover, even if Choi did not have "personal contact" with Nelson, and was not "personally involved in her dental treatment," neither of those facts would necessarily mean that he was unaware of her medical condition and the pain she was allegedly suffering at the time he denied her requests for specialist treatment. Thus, at least on the present record, Choi has not shown that Nelson cannot meet the subjective prong of the deliberate indifference test.

Fundamentally, it is Choi who is moving for summary judgment, arguing that Nelson has failed to establish sufficient personal involvement on his part, and that he acted with the requisite subjective intent in denying the requests for specialty treatment. Yet Choi has not alleged (much less shown) that he took no action whatsoever with respect to Nelson's medical care or was not involved in the decision to deny the requests for access to a specialist. Instead, Choi presented

8

very narrow factual assertions, saying only that he "did not directly provide dental care" to her and "did not have any personal contact with her regarding her dental care." (Doc. #17 at Ex. 1, ¶5). However, as discussed above, one cannot conclude that simply because Choi did not meet Nelson face-to-face he did not deny her requests for specialty dental treatment with deliberate indifference. That is a question the Court cannot answer on the record before it, and thus summary judgment in Choi's favor is not warranted at this time.

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Choi's Motion for Summary Judgment [**17**] be **DENIED**.

Dated: May 6, 2016　　　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 6, 2016.

                                                         s/Eddrey O. Butts
                                                         EDDREY O. BUTTS
                                                         Case Manager