UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA NELSON,

        Plaintiff,

    v.                                         Case No. 15-13101
                                                         HON. TERRENCE G. BERG
JONG CHOI,                                        HON. DAVID R. GRAND

        Defendant.
_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (DKT. 22)**

On August 28, 2015, Plaintiff Patricia Nelson filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Defendant Jong Choi, the Regional Dental Director for the Michigan Department of Corrections ("MDOC"), in his personal and official capacities. (Dkt. 1, p. 1.) Plaintiff alleges that, during her incarceration at the Women's Huron Valley Correctional Facility ("WHV") in Ypsilanti, Michigan, Defendant deprived Plaintiff of her rights under the Eighth Amendment to the United States Constitution by being deliberately indifferent to her serious medical need. (*Id.* at 3.)

Before the Court is Magistrate Judge David R. Grand's May 6, 2016 Report and Recommendation recommending that the Court deny Defendant's March 17, 2016 motion for summary judgment. (Dkt. 22, p. 1.) Defendant timely filed three objections asserting that Magistrate Judge Grand erred by: (1) "not considering [Defendant's] argument that [Plaintiff's] claim is a medical malpractice claim

masquerading as an Eighth-Amendment claim" (Dkt. 23, p. 2); (2) incorrectly finding that Defendant possessed a 'sufficiently culpable state of mind' under the subjective prong of an Eighth-Amendment claim (*Id.* at 2-3); and (3) failing to consider Defendant's defense of qualified immunity (*Id.* at 4). Plaintiff timely filed a response to these objections and provided additional evidence in support of her position. (Dkt. 24.)

A district court must conduct a *de novo* review of the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has conducted a *de novo* review of the report and recommendation, the record, and the parties' arguments. For the reasons set forth below, Defendant's objections will be **OVERRULED**. Accordingly, the report and recommendation (Dkt. 22) will be **ADOPTED** as the opinion of the Court, and Defendant's Motion for Summary Judgment (Dkt. 17) will be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Nelson is a Michigan state prisoner currently incarcerated at the WHV in Ypsilanti, Michigan. (Dkt. 1, p. 1). Defendant Choi is the Regional Dental Director for the MDOC's Southern Region. (*Id.*; Dkt. 17, p. 6). Plaintiff suffers from temporomandibular joint disorder ("TMJ"). (Dkt. 1, p. 3). According to Plaintiff,

2

dental staff at the WHV made repeated requests for specialized treatment on her behalf. (Dkt. 19, p. 11.) Defendant twice denied treatment for Plaintiff's condition in 2012, but granted her third request in 2014 when she could no longer open her jaw widely enough to have dental work done. (*Id.* at 11-12). Plaintiff saw a dental specialist in October and December 2014.[1] (Dkt 1, p. 3.) Then, in April 2015, MDOC suddenly discontinued Plaintiff's treatment altogether because "they do not treat TMJ". (*Id.*) Plaintiff was informed that, if she wished to continue treatment, she would have to pay for it herself. (Dkt. 19, p. 13.)

Plaintiff suffers pain which affects her daily life, including her sleep pattern, and alleges that this is because of the failure of the MDOC officials to treat her TMJ. (Dkt. 19, p. 11). A dental specialist told Plaintiff in 2014 that if her TMJ had been treated when it first manifested, it could have been treated relatively easily. (*Id.* at 3). Plaintiff maintains that Defendant, as the Regional Dental Director for the MDOC, was or should have been aware of the harm that Plaintiff would likely suffer if her TMJ was left untreated. (*Id.* at 13).

## II.  ANALYSIS

Plaintiff alleges that Defendant is directly responsible for denying her medical treatment because Defendant ultimately decides whether an inmate receives specialized care. (*Id.* at 9). Plaintiff alleges that Defendant, by denying

---

[1] In her response to Defendant's objections, Plaintiff clarifies that she was seen by dental specialist Dr. Sorrow at the Duane Waters Health Center. (Dkt. 24, p. 1.) She was also put on a "soft mechanical diet".  (*Id.* at 9.) On March 29, 2015, Dental Assistant McNamara sent an internal prison system message (a "kite") to Plaintiff informing her that "MDOC does not treat or fix TMJ problems. You would have to make arrangements to go outside of corrections at your expense." (*Id.* at 12). Plaintiff received this message on April 7, 2015. (*Id.* at 10).

treatment three times, was deliberately indifferent to her serious medical needs in violation of the Eighth Amendment of the United States Constitution. (Dkt. 1, p. 3).

Defendant acknowledges that, as a regional dental director with MDOC, he is responsible for the management of all dental services and dental employees in the Southern Region, which includes the WHV facility. (Dkt. 17, p. 6). He does not, however, personally provide medical care to any MDOC inmates. (*Id*. at Ex. 1). Accordingly, Defendant maintains that Plaintiff cannot establish that Defendant violated her Eighth Amendment right to be free of cruel and unusual punishment and that summary judgment should be granted on Plaintiff's claim. (*Id*. at 8-15.)

## A. Legal Standards

### a. Summary Judgment

Because Defendant submitted a sworn affidavit with his motion, the Court will treat his arguments under Rule 56 of the Federal Rules of Civil Procedure. *See Song v. City of Elyria, Ohio,* 985 F.2d 840, 842 (6th Cir.1993); *Smith v. The Cheesecake Factory Rests., Inc.,* No. 3:06–00829, 2010 WL 441562, at *3–4 (M.D. Tenn. Feb. 4, 2010) (citations omitted) ("[I]f affidavits are filed with the district court, the court must proceed under Rule 56 unless the court decides to exclude the affidavits.").

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.,*

4

477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001). "It is well established that statements appearing in a party's brief are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

The Court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, the "nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). There is no genuine dispute where one party's version

of the facts is contradicted by objective evidence in the record. *See Scott v. Harris*, 550 U.S. 372, 378-81 (2007).

**B. Discussion**

Pursuant to 42 U.S.C. § 1983, Plaintiff has alleged a claim of deliberate indifference to her serious medical needs in violation of the Eighth Amendment to the United States Constitution. Section 1983 does not create any substantive right, but is instead a vehicle for private parties to enforce their federal constitutional rights against a person who, acting under color of state law, violated those rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 608 (1979) (Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere").

The Supreme Court has identified two elements of a § 1983 claim: (1) a deprivation of a federal right (2) by a person who acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, there must be a clear showing that a named defendant was personally involved in the activity that forms the basis of the complaint. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976). Section 1983 liability therefore cannot be premised upon allegations of supervisory liability. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Section 1983 does not "contain a state-of-mind requirement," and is not limited "to intentional deprivations of constitutional rights." *Parratt v. Taylor*, 451 U.S. 527, 534 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986). The particular constitutional right a plaintiff asserts, however, may

require the establishment of a particular state of mind. Where, as here, a plaintiff asserts a claim of denial of adequate medical care under the Eighth Amendment, that plaintiff must demonstrate that she was a victim of deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

A viable Eighth Amendment claim has an objective and a subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2002). The alleged wrongdoing must concern an objectively serious medical need and the official responsible for the wrongdoing must have acted with a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 835; *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Here, Defendant does not challenge Plaintiff's allegation that her medical needs are objectively serious—the Court, therefore, will assume for purposes of this order that Plaintiff's medical needs are objectively serious without deciding that question.

The subjective component requires an inmate to show that the prison official acted with "deliberate indifference." *Farmer*, 511 U.S. at 835. Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. A prison official does not act in a deliberately indifferent manner unless that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

7

Defendant alleges in his motion for summary judgment that Plaintiff has not (1) demonstrated or even sufficiently pleaded that Defendant was personally involved in the denial of medical care and that (2) Plaintiff has not established the objective and subjective components of her deliberate indifference claim against Defendant. (Dkt. 17, pp. 2, 14.)

In her response, Plaintiff argues that Defendant, as a regional dental director, ultimately decides whether an inmate "gets more extensive treatment or not" and was therefore directly involved in determining what, if any, medical care Plaintiff received for her TMJ. (Dkt. 19, pp. 10-12.) Moreover, Plaintiff maintains that Defendant "was or should have been aware" of the potential harm to Plaintiff if her TMJ was left untreated, yet denied her specialized care three times. (*Id.* at 11-13.) In his reply, Defendant re-emphasizes that he "was not personally involved" in Plaintiff's medical care. (Dkt. 20, p. 3.)

In recommending the denial of Defendant's motion, Magistrate Judge Grand first analyzed whether Plaintiff has established that Defendant was personally involved in the activity that forms the basis of the complaint. (Dkt. 22, pp. 4-6.) After acknowledging that Plaintiff's allegations "are not particularly detailed," the magistrate judge noted that Defendant does not dispute the allegations that he denied Plaintiff specialty TMJ treatment twice in 2012 and then again in 2015. (*Id.* at 5.) Taking Plaintiff's factual allegations as true, the magistrate judge concluded that Defendant has not established that no genuine issue of material fact exists regarding whether he was involved in or responsible for the ultimate denial of

8

specialty TMJ treatment. (*Id.* at 6.) Accordingly, summary judgment is not appropriate on that basis. (*Id.* at 6.)

With respect to Plaintiff's Eighth Amendment claim, the magistrate judge noted that the parties do not dispute whether TMJ is an objectively serious medical need and that, regardless, other courts have found that TMJ satisfies the objective prong of the deliberate indifference analysis. (Dkt. 22, p. 7.) As for the subjective prong, the Magistrate Judge found that Defendant's "conclusory assertion" that Defendant was not personally involved in Plaintiff's dental care was insufficient to establish that Defendant was unaware of Plaintiff's TMJ and the pain she was suffering when Defendant denied her requests for treatment. (*Id.* at 8.)

In short, the magistrate judge found that Defendant did not establish that no genuine issue of material fact existed as to these two issues, "at least on the present record." (*See id.*) In light of Defendant's conclusory assertions, and because no discovery had yet taken place in this case, the magistrate judge concluded that whether Defendant acted with deliberate indifference in denying Plaintiff treatment for her TMJ "[was] a question the Court [could not] answer on the record before it, and thus summary judgment in [Defendant's] favor [was] not warranted." (*See id.* at 10.) This conclusion by the magistrate judge is well-taken. Nevertheless, the Court will address each of Defendant's objections in turn. (*See* dkt. 23.)

9

### a. Objection 1

First, Defendant argues that the magistrate judge erred by analyzing Plaintiff's claim as one of deliberate indifference rather than medical malpractice. (Dkt. 23, p. 2.)

Defendant asserts that, as a threshold matter, Plaintiff has not established that she suffers from TMJ and maintains that this is just a disagreement over proper diagnosis and treatment of Plaintiff's condition. (*Id*.) As the magistrate judge notes, however, Defendant's motion did not challenge Plaintiff's claim that she actually suffers from TMJ. Nor did Defendant argue that TMJ is not an objectively serious medical need. (Dkt. 22, p. 7.) This issue was not raised by Defendant prior to filing objections to the report and recommendation.[2] (*See* dkts. 17, 20.)

A mere claim of inadequate treatment would not be sufficient to show a violation of Plaintiff's constitutional rights, but would rather be cognizable as a medical malpractice claim under state law. *Estelle*, 429 U.S. at 105-06; *see also Owens v. Hutchinson*, 79 F. App'x. 159, 161 (6th Cir. Oct. 24, 2003). When considering such a claim, the Court affords deference to the treating doctors and their medical decisions, whether or not those decisions amount to negligence. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (where prison official did not check patient's medical history of high blood pressure before diagnosis of

---

[2] In her response to Defendant's objections, Plaintiff provides evidence that MDOC knew of her condition through her multiple requests for medication, orders for a 'soft mechanical diet,' and a nurse's sick call. (Dkt. 19). A 'soft mechanical diet' can be prescribed for TMJ. *See, e.g., Boynton v. Henderson-Pero,* No. 14-13846, 2015 WL 5243886, at *2-3 (E.D. Mich., Sept. 8, 2015) (plaintiff with TMJ prescribed a soft mechanical diet in addition to pain medications); *Smith v. Connecticut Dep't of Corr.*, No. CIV. 3:05CV960, 2008 WL 918535 at *2 (D. Conn. Mar. 31, 2008) ("A soft diet is typically prescribed for those suffering from TMJ pain to alleviate any stress to the joint.").

bronchitis, and patient died from cardiovascular problem, court found negligence but no violation of Eighth Amendment).

Plaintiff, however, claims that Defendant denied Plaintiff treatment for her TMJ three times: twice in 2012 and then again in 2015. (*See* dkt. 19, p. 11; Dkt. 1, p. 3.) Although she was twice seen by a specialist in 2014, Plaintiff maintains that this treatment was so cursory that it amounted to no treatment at all. (Dkt 19, p. 2.) The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976); *see also Comstock*, 273 F.3d at 703.

Plaintiff is not alleging that Defendant disagrees with another dentist as to how to treat her TMJ or that Defendant has provided some TMJ treatment that was ultimately inadequate—Plaintiff is alleging that Defendant has refused to provide any treatment at all. Plaintiff claims that as a result of her condition being left untreated for three years, her TMJ will now require "long, painful, and costly treatment with surgery and physical therapy to correct". (Dkt. 19, p. 3.)

The record shows that Defendant is responsible for all dental services at WHV. (Dkt. 17, p. 6; Dkt. 24, p. 1). Defendant does not refute Plaintiff's allegations that he knew of Plaintiff's medical condition and repeatedly denied her specialized treatment. Accordingly, the magistrate judge did not err in concluding that there was a genuine issue of material fact as to whether Plaintiff's claim of a complete denial of medical care was not merely one for medical malpractice.

11

### b. Objection 2

Defendant also objects to the magistrate judge's conclusion regarding the subjective prong of the deliberate indifference analysis. Defendant maintains that he did not personally attend to Plaintiff's medical needs and thus cannot be held liable based upon his supervisory position.

It is well-established that "Section 1983 liability will not be imposed solely upon the basis of respondeat superior." *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 73, 81 (6th Cir. 1995). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Taylor*, 69 F.3d at 81 (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). As a prison official charged with deliberate indifference, Defendant "…might show, for example, that [he] did not know of the underlying facts indicating a sufficiently substantial danger and that [he was] therefore unaware of a danger, or that [he] knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Farmer*, 511 U.S. at 844 (1994).

Defendant, however, makes no such showing. Defendant's affidavit merely states that, although he is the Regional Dental Director, he never personally treated Plaintiff or any other inmate. (Dkt. 17, Ex. 1.) Defendant does not deny that he was aware of Plaintiff's TMJ, the possible consequences for not treating her TMJ, or that he denied her request for treatment on three separate occasions. Moreover, Plaintiff does not allege that Defendant acted in a supervisory capacity;

she asserts that as the Regional Dental Director, Defendant denied her treatment in spite of his knowledge of dental care, knowledge that should would have made him aware of the risk of painful complications from denying or significantly delaying treatment for TMJ. (Dkt. 19, p. 13.)

Defendant's insistence that he cannot be held liable simply because he never personally examined or treated Plaintiff is unsupported by case law. *See, e.g., Flick v. Vadlamudi*, 2010 WL 3884508, at \*17 (W.D. Mich. Aug. 9, 2010), *report and recommendation adopted*, 2010 WL 3884126 (W.D. Mich. Sept. 28, 2010) (Where a defendant's role as a regional medical director involved rejecting the plaintiff's non-formulary medication requests, such conduct constituted personal involvement in the direct care and treatment of plaintiff for purposes of the plaintiff's Eighth Amendment claim).

To survive a motion for summary judgment, Plaintiff does not have to establish that Defendant was deliberately indifferent to her serious medical needs—Defendant, as the moving party, bears the burden of establishing that there is no genuine issue of material fact with respect to that question. After considering what little evidence there is at this stage of the case in the light most favorable to the non-moving party, and after drawing all reasonable inferences in her favor, the Court agrees with the magistrate judge that there is a genuine issue of material fact as to whether Defendant was deliberately indifferent to Plaintiff's serious medical needs.

### c. Objection 3

Finally, Defendant objects on the ground that the magistrate judge did not consider his qualified immunity defense. (Dkt. 23, p. 4). Defendant, however, did not develop this argument in his motion for summary judgment, but raised it for the first time in a footnote in his reply brief. (Dkt. 20, p. 5). A reply brief is not the proper place to raise an argument for the first time; normally arguments inserted at such a late stage in the pleadings are waived. *See, e.g., United States v. Owens*, 458 Fed. App'x. 444, 446 (6th Cir. 2012); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (issues raised for first time in reply brief are waived); *Martinez v. Comm'r of Social Sec.*, 2011 WL 1233479 at *2 n. 1 (E.D. Mich. Mar. 30, 2011) ("[T]he new arguments that [were] raised for the first time in the reply brief were correctly disregarded by the magistrate judge."). By raising this for the first time in his reply brief, Defendant ensured that Plaintiff had no opportunity to respond. It was not error for the magistrate judge to disregard this argument.

### III. CONCLUSION

For the reasons stated above, Defendant's objections are **OVERRULED** (Dkt. 23) and Magistrate Judge Grand's May 6, 2016 Report and Recommendation is hereby **ADOPTED** (Dkt. 22).

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 17) is **DENIED**.

**SO ORDERED.**


Dated: August 8, 2016                    s/Terrence G. Berg
                                         TERRENCE G. BERG
                                         UNITED STATES DISTRICT JUDGE


## Certificate of Service

I hereby certify that this Order was electronically submitted on August 8, 2016, using the CM/ECF system, which will send notification to all parties.

                                         s/A. Chubb
                                         Case Manager